UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **MICHAEL LEBLANC** | § | **CIVIL ACTION NO:** |
| | § | |
| *Plaintiff* | § | |
| **v.** | § | |
| | § | |
| **FOREST RIVER, INC.** | § | |
| | § | |
| *Defendant* | § | **JURY TRIAL REQUESTED** |

## COMPLAINT

### I. Parties

1. Plaintiff, MICHAEL LEBLANC, has been at all times material hereto a resident and citizen of State of Louisiana.

2. Defendant, FOREST RIVER, INC., hereinafter "FOREST RIVER," is an Indiana corporation and citizen of the state of Indiana with its principal place of business located in Indiana and is a warrantor of the RV that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

FOREST RIVER's agent for service of process is Darrel O Ritchie, 900 CR 1 N, Elkhart, Indiana 46514.

### II. Jurisdiction

3. This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

Plaintiff is suing the Defendants for a rescission of the sales contract under Louisiana

Civil Code Art. 2545 wherein a seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the ***return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees***. [Emphasis Added] A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.

Plaintiff's repurchase calculation totals $72,856.50, not including attorney fees, damages, non-pecuniary damages and costs.

Plaintiff is also suing for non-pecuniary damages under La. Civil Code Articles 1998 in the amount of $50,000.00.

Declaratory relief is available pursuant to 28 USC §§ 2201 and 2202.

The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III. Venue

4.    Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV. Conditions Precedent

5.    All conditions precedents have been performed or have occurred.

## V. Facts

### A. The Transaction

6. On July 24, 2021, Plaintiff purchased a new 2021 FOREST RIVER SANIBEL 3802WB bearing VIN: 5ZT3SN3B2MG703953, hereinafter "SANIBEL 3802WB," from BENT'S RV. The SANIBEL 3802WB was purchased primarily for Plaintiff's personal and work use in the State of Louisiana.

7. The sales price of the SANIBEL 3802WB was $72,856.50. Civil or Punitive penalties for breach of warranty are recoverable, if they are recoverable for breach of of implied and express warranties under the applicable state law. See *Hughes v. Segal Enterprises, Inc.*, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); *Chariton Vet Supply, Inc. v. Moberly Motors Co.*, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).

8. Plaintiff is entitled to an award for non-pecuniary damages under La. Civil Code Articles 1998 in the amount of $50,000.00. Plaintiff specifically alleges the sale of the SANIBEL 3802WB was intended to gratify a nonpecuniary interest wherein Plaintiff and his family loved to go camping and the enjoyment those activities bring to them. Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the Defendant knew, or should have known, that their failure to perform would cause that kind of loss.

9. Plaintiff also specifically alleges that the Defendant intended, through its failure, to aggrieve the feelings of the Plaintiff by its failure to repair the SANIBEL 3802WB within a reasonable time. See **_Beasley v. Ed's MobileHomes, Inc._**, 01-1549 (La. Ct. App. 3 Cir. 4/17/02),

824 So.2d 383, writ denied, 02-1408 (La. 9/20/02), 825 So.2d 1170.

### D. Actionable Conduct

10. In fact, when delivered, the SANIBEL 3802WB was defective in materials and workmanship, with such defects being discovered shortly after purchased. Many defective conditions have occurred since purchase, including, but not limited to, the defects, non-conformities and conditions as follows:

    **A. ANY AND ALL DEFECTS, NON-CONFORMITIES AND CONDITIONS LISTED IN REPAIR ORDERS ATTACHED AS EXHIBIT A.**

11. Since purchase, Plaintiff has returned his SANIBEL 3802WB to the Defendant and its authorized dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant was given the opportunity to repair the SANIBEL 3802WB, the Defendant has failed to repair the SANIBEL 3802WB.

12. Plaintiff directly notified the Defendant of the defects, non-conformities and conditions in the SANIBEL 3802WB.

13. The SANIBEL 3802WB is a "thing" under La. Civil Code Articles 2520, et seq.

14. FOREST RIVER is a "manufacturer" under La. Civil Code Articles 2520, et seq.

15. BENT'S RV is a "seller" under La. Civil Code Articles 2520, et seq.

16. Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

17. The defects described in the SANIBEL 3802WB vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

18. Plaintiff has provided the Defendant sufficient notice and opportunity to repair his defective boat.

19. Plaintiff has performed each and every duty required of him under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendant, as herein alleged.

20. The hidden defects, non-conformities and conditions in the SANIBEL 3802WB existed at the time of sale, but were not discovered until after delivery. Neither Plaintiff nor a reasonable prudent buyer would have purchased the SANIBEL 3802WB had he known of the defects prior to the sale.

21. Furthermore, the Defendant has failed to repair the SANIBEL 3802WB which constitutes a breach of the implied warranties of redhibition, and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, out of pocket expenses, and non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.

## VI.   Prayer for Relief

22. For these reasons, Plaintiff prays for judgment against the Defendant for the following:

    a. For general, special and actual damages according to proof at trial;

    b. Rescinding the sale of the 2021 FOREST RIVER SANIBEL 3802WB bearing VIN: 5ZT3SN3B2MG703953 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

    c. For incidental and consequential damages according to proof at trial;

    d. Out-of-pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

    e. Any diminution in value of the SANIBEL 3802WB attributable to the

defects;

f. Past and future economic losses;

g. Non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.;

h. Prejudgment and post-judgment interest;

I. Attorney fees;

j. Costs of suit, expert fees and litigation expenses; and

k. All other relief this Honorable Court deems appropriate.

## VII. Demand for Jury Trial

23. Plaintiff hereby demands a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
(337) 371-0375

ATTORNEY FOR PLAINTIFF